# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THOMAS MONTGOMERY and
BETH MONTGOMERY,

     Plaintiffs,

       v.

INTERNAL REVENUE SERVICE,

     Defendant.

Civil Action No. 17-918 (JEB)

## ORDER

The Court's September 6, 2018, Opinion concluded that the Government had failed to establish the sufficiency of its search for records responsive to Plaintiffs' FOIA Requests 6–12. In particular, the Court found that Defendant had failed to explain why the Whistleblower Office would not have responsive records. See Montgomery v. IRS, 330 F. Supp. 3d 161, 172 (D.D.C. 2018). The IRS subsequently filed a declaration in which one of its employees stated that it did not need to renew any search of the Whistleblower Office because that office does not "have records responsive to Items 6–12" that are "unrelated to a confidential informant." See ECF No. 54 (Declaration of Cindy M. Stuart), ¶ 10. Plaintiffs filed a Motion challenging the sufficiency of the declaration and the search, see ECF No. 59, which the Court will grant.

The IRS appears to think it does not need to search the Whistleblower Office because any records there responsive to Plaintiffs' requests would relate to whistleblowers or confidential informants and that such records do not need to be turned over to Plaintiffs. See ECF No. 60 (Opp.) at 3–5. While it does not specifically explain the legal basis for that position, the Court can imagine one of two justifications. First, perhaps the Service believes it does not need to

1

search a particular place for responsive records if any records therein are likely to qualify for a FOIA exemption. For example, it might think that any responsive records in the Whistleblower Office would fall within Exemption 7(D), which protects the identities of confidential sources. As Defendant itself admits (Opp. at 4–5), however, it has not invoked any exemption with respect to Requests 6–12. To the extent an agency may ever decline to search for records in a particular location on the ground that the location would contain only exempt records, it must demonstrate that "all responsive documents resulting from such search[] would be exempt from disclosure under FOIA." Jett v. FBI, 139 F. Supp. 3d 352, 366 (D.D.C. 2015). As Defendant has not even attempted to do so, it may not preemptively limit its search to records "unrelated to a confidential informant" (Stuart Decl., ¶ 10) or a "whistleblower" (Id., ¶¶ 11–15). Even if the Stuart Declaration were an invocation of Exemption 7(D), the Court notes, it would not support withholding all responsive records in the Whistleblower Office because not all records broadly related to a whistleblower should necessarily be "expected to disclose the identity of a confidential source." See 5 U.S.C. § 552(b)(7)(D).

Second, the IRS may think that the Court ordered it to search only for responsive records "unrelated to a confidential informant." See Montgomery, 330 F. Supp. 3d at 172. But the Court's Order was not so limited. Instead, it required Defendant to search the Whistleblower Office for all records responsive to Plaintiffs' Requests 6–12 or explain why that office would not have such records. Id. The section of the Court's Opinion on this issue, which the IRS quotes several times, merely states that "previous litigation files" may have information "unrelated to a confidential informant"; it does not say that Defendant's search of those files or of the Whistleblower Office should be so limited. Id. Indeed, for the Court to do otherwise would be to sanction just what it explained above is inconsistent with FOIA: the use of an

exemption that Defendant has never properly invoked to limit the scope of the agency's search obligation.

The Court expresses no view on whether the agency may subsequently decline to search the Whistleblower Office because all responsive records would be exempt or whether, subsequent to a search, it may withhold any records its finds or issue a <u>Glomar</u> response on account of any exemption. For purposes of this Motion, what matters is that Defendant has not established the adequacy of its search.

The Court, accordingly, ORDERS that:

1) Plaintiff's [59] Motion Challenging the Sufficiency of the Search is GRANTED;

2) Defendant shall search the Whistleblower Office for records responsive to Plaintiffs' FOIA Requests 6–12 and produce the results to Plaintiffs, or explain why that office is not reasonably likely to possess such records; and

3) The parties shall submit a joint status report addressing the status of the search and production, if any, by February 20, 2019.

SO ORDERED.

/s/ <u>*James E. Boasberg*</u>
JAMES E. BOASBERG
United States District Judge

Date:  <u>January 10, 2019</u>