**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ———————————————— ) | | |
| THOMAS A. MONTGOMERY & BETH W. | ) | |
| MONTGOMERY, | ) | |
|  | ) | |
| **Plaintiffs,** | ) | |
|  | ) | |
| v. | ) | **Civil Action No. 17-918 (JEB)** |
|  | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
|  | ) | |
| **Defendant.** | ) | |
| ———————————————— ) | | |

## <u>MEMORANDUM OPINION</u>

Since the dawn of organized sports, fans of losing teams have found a ready scapegoat for their heroes' shortcomings: the referee.   Taking this lesson to heart, Plaintiffs Thomas and Beth Montgomery not only assail the Court for adverse rulings, but they also ratchet their grievances up a substantial and ill-considered notch: they move to disqualify the Court on the ground of <u>bias</u>.   Because their articulated bases lie somewhere between feeble and head scratching, the Court will deny the Motion.

## I.     Legal Standard

Plaintiffs ground their Motion on 28 U.S.C. § 455(a) and (b)(1).   The former instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   The latter requires disqualification where the judge "has a personal bias or prejudice concerning a party . . . ."   The Court bears in mind that "[t]he standard under section 455(a) is objective: a judge must recuse [him]self only if there 'is a showing of an

appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality.'" Karim-Panahi v. U.S. Congress, 105 F. App'x 270, 274 (D.C. Cir. 2004) (quoting United States v. Heldt, 668 F.2d 1238, 1271 (D.C. Cir. 1981)). Similarly, "[u]nder section 455(b)(1), bias or prejudice must 'result in an opinion on the merits on some basis other than what the judge learned from [his] participation in the case.'" Id. (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).

Before proceeding with its analysis, the Court notes that, while it has the option of forwarding the Motion to Disqualify to another judge, transfer is not required. Id. at 274–75. As the issues presented here are neither complex nor compelling, the Court need not impose on a colleague.

## II.   Analysis

The lion's share of the Montgomerys' Motion complains of prior rulings that have not gone their way. See, e.g., ECF No. 96 (Motion to Disqualify) at 6 ("The Ziegler Declaration is a 'sham affidavit' that the Court should have disregarded; the government's FOIA response should control."); id. at 7 ("Ignoring the existence of a disputed material fact[,] . . . the Court granted summary judgment to the government on this official acknowledgment issue.") (emphasis omitted); id. ("Allowing the IRS to now neither admit nor deny the existence of responsive records under the facts of this case would make a farce out of Glomar and FOIA."); id. at 8 ("In fact, this Court has gone to great lengths to protect the government from having to answer whether there are records."); id. at 9 ("At the very least discovery is required, yet the Court did not so order."); id. at 10 ("The Court's holding that 'none' of that submission can be provided . . . is clearly erroneous . . . ."). What a brave new world this would be if

disqualification could be sought any time a party lost a motion.   That, of course, is not the standard: "[J]udicial rulings . . . virtually never provide a basis for recusal."   SEC v. Loving Spirit Foundation Inc., 392 F.3d 486, 494 (D.C. Cir. 2004).

Plaintiffs, moreover, conveniently omit any mention of the multiple substantive motions that they have won, as that would not be in keeping with their theory of bias.   See, e.g., ECF No. 28 (Memorandum Opinion) (denying Government's motion for summary judgment and holding that Plaintiffs' claims not barred by a settlement agreement, collateral estoppel, or res judicata); ECF No. 50 (Memorandum Opinion) (granting in part and denying in part each side's motion for summary judgment); ECF No. 62 (Order) (granting Plaintiffs' Motion challenging the sufficiency of IRS's declarant and Government's search); ECF No. 79 (Memorandum Opinion) (granting Plaintiffs' motion challenging IRS's Glomar response); ECF No. 93 (Memorandum Opinion) (denying Government's Motion for Partial Summary Judgment and granting in part and denying in part Plaintiffs' Cross-Motion).   Perhaps the Government could move to disqualify on the basis of these decisions.

Beyond its rulings, the Montgomerys also believe that certain phrases the Court has used in its Opinions evince its deep-seated bias.   For example, they say that "[b]y characterizing this action as a 'never-ending heavyweight bout' the Court equates private individuals with the entire U.S. government. . . .   The Court's unfounded and unnecessary statements against Plaintiffs raise serious questions as to whether the Court is a willing participant in this war (on the side of the government) as opposed to an objective arbiter."   DQ Motion at 2.   Indeed, they say, "Such statements could chill others from exercising or enforcing the rights granted to them by FOIA. The risk of public scorn and derision by a respected Federal Court may be viewed as too high a

3

price to pay to learn the truth." <u>Id.</u>   With a straight face, Plaintiffs submit that the use of this neutral boxing metaphor somehow causes all of the aforementioned harms and is thus a basis for a motion to disqualify.   It isn't.

One might infer from arguments like these that Plaintiffs prefer a more decorous or dignified turn of phrase and shrink from any type of infelicitous language.   One would be mistaken.   <u>See, e.g.</u>, ECF No. 24 (Pl. Sur-Reply) ("Defendant relentlessly distorts Plaintiffs' burden . . . ."); ECF No. 33-1 (Pl. Opposition) at 3–4 ("Defendant has shown no interest in complying with the mandates of FOIA . . . .   Defendant's resistance to complying with the rules of a fair and efficient judicial process with respect to Plaintiffs has not been limited to the current litigation, but has been a long-standing feature of Defendant's litigation strategy. . . .   Nor does Defendant mention the other instances where it flouted its responsibilities, including candor to the court . . . .") (footnote omitted); <u>id.</u> at 5 ("Given Defendant's history of evasiveness, lack of candor, willingness to ignore court orders, and unwillingness to follow the basic rules of fair and efficient litigation . . . ."); ECF No. 40 (Motion) at 11 ("Defendant's stipulated testimony in <u>Southgate</u> was untrue, and the assertions made in its Procedural SJ Motion were equally false or misleading.").

In sum, the Court perceives no legitimate basis upon which its "impartiality 'might reasonably be questioned.'"   <u>Karim-Panahi</u>, 105 F. App'x at 274 (quoting 28 U.S.C. § 455(a)). For a firm that understandably prides itself on a long and storied past, <u>see</u> <u>White & Case: The First 100 Years & Beyond</u>, https://history.whitecase.com/white-and-case (last visited June 4, 2020), motions like this one do its reputation no favors.

## III.   Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order denying the Motion.

/s/ *James E. Boasberg*
 JAMES E. BOASBERG
United States District Judge

Date:  June 2, 2020